# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JAMES ALPHAXARD MUNGAI,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 75247<br><br>**FILED**<br><br>SEP 2 8 2021<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY _____<br>DEPUTY CLERK |

## *ORDER VACATING JUDGMENT AND REMANDING*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of sexual assault with the use of a deadly weapon and battery resulting in substantial bodily harm constituting domestic violence. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

Appellant James Mungai argued that the district court erroneously denied his fair-cross-section challenge without conducting an evidentiary hearing. Before voir dire commenced, Mungai objected to the 65-person venire because it contained only four African-Americans and thus did not represent a fair cross-section of the community. *See Williams v. State*, 121 Nev. 934, 939, 125 P.3d 627, 631 (2005) (explaining that a defendant "is entitled to a venire selected from a fair cross section of the community under the Sixth and Fourteenth Amendments of the United States Constitution"). The district court denied Mungai's claim without conducting an evidentiary hearing on the systematic exclusion allegations he made, instead relying on its recollection of prior testimony from the jury commissioner in another case on a similar allegation. This court issued an order of limited remand for the district court to conduct an evidentiary hearing on Mungai's claim. *See Mungai v. State*, Docket No. 75247, Order

21-27898

of Limited Remand at 3 (Mar. 6, 2020); *Valentine v. State*, 135 Nev. 463, 466, 454 P.3d 709, 714 (2019) (concluding that "an evidentiary hearing is warranted on a fair-cross-section challenge when a defendant makes specific allegations that, if true, would be sufficient to establish a prima facie violation of the fair-cross-section requirement").

After the hearing, the district court rejected Mungai's challenge in part but nevertheless found that systematic exclusion affected the composition of Mungai's venire and resulted in an underrepresentation of African Americans.[1] Based on the district court's finding, Mungai would be entitled to relief. *See Vasquez v. Hillery*, 474 U.S. 254, 263 (1986) (providing that "when a petit jury has been selected upon improper criteria . . . we have required reversal of the conviction because the effect of the violation cannot be ascertained"); *Cortinas v. State*, 124 Nev. 1013, 1024, 195 P.3d 315, 322 (2008) (holding that structural errors are "intrinsically harmful . . . [and] necessarily render a trial fundamentally unfair" (internal quotation marks omitted)). Thus, this court ordered the parties to submit responses addressing the effect of the district court's order on the instant appeal without expressing an opinion on the merits. *See Mungai*, Docket No. 75247, Order to Show Cause at 2 (June 16, 2021). While the State does not concede the propriety of the district court's order, it acknowledges that Mungai is entitled to a new trial based on the finding of systematic exclusion in the jury selection process. Mungai agrees. Because the parties

---

[1]The Honorable Jasmin D. Lilly-Spells, Judge, presided at the evidentiary hearing.

SUPREME COURT
OF
NEVADA

(O) 1947A

concur, and without expressing any opinion regarding the merits of the district court's order, we

ORDER the judgment of conviction VACATED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:    Hon. Susan Johnson, District Judge
Hon. Jasmin D. Lilly-Spells, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]Because relief is warranted on this basis, we need not reach Mungai's remaining contentions.